## LUDDEN v STATE

Ohio Appeals, 4th Dist, Athens Co

Decided June 14, 1929

Emmett Keenan & R. W. Finsterwald, Athens, for Ludden.

R. D. Williams, Pros. Atty., Athens, for State.

Judges RICHARDS & LLOYD, (6th Dist) sitting.

BY THE COURT

The man killed was John Lent. He was shot at his home January 6, 1929, by the plaintiff in error. No one can be entirely sure of just what happened at the time. Lent was at his home, a shanty in the mining regions, and was intoxicated. Ludden was at the decedent's house but his purpose in going there is uncertain. There was considerable drinking and the jury was justified in believing that both Ludden and Lent were intoxicated. If Ludden's story is true, Lent in his drunken condition suddenly displayed a hostile spirit toward Ludden and so conducted himself that Ludden thought that Lent was attempting to get a machine gun from the shanty to be used upon him. Ludden thereupon drew his pistol and holding it in his right hand undertook to disarm Lent or prevent him from using the machine gun, which Lent seized with his left hand. In the scuffling that ensued Ludden's pistol was accidentally discharged and Lent was killed. If the jury believed this story Ludden ought to have been acquitted. On the other hand, the witness Skiver testifies to having been present and to a state of facts that if true proved that Ludden was not merely guilty of manslaughter but clearly guilty of murder in the second degree. If the jury believed Skiver it may well be said that it erred in not returning a verdict for murder in the second degree. Verdicts are not necessarily logical, however, and if the evidence tends to show that a verdict of murder in the second degree might have been sustained it can not be disturbed because the jury somewhat illogically returned a verdict for a lesser offense than it might have found the accused guilty of. There is nothing in the record that indicates that Skiver was entitled to a less degree of credence than Ludden. He, of course, did not have Ludden's interest in the outcome of the case, and Ludden's conduct and language at and after his arrest were so inconsistent with his innocence that it would have been expecting too much to have believed that the jury would have been ready to accept his story rather than Skiver's. We have no disposition to disturb the verdict upon the weight of the testimony.

The instruction complained of was that defining the offense of manslaughter. The court after advising the jury that manslaughter might be the result of a sudden quarrel continued by saying:

"or manslaughter may be the taking of the life of another while the person causing the death was committing some unlawful act without the intent to cause death."

This instruction is literally sound. It might have been amplified but no amplification was requested.

It is argued that no specific act upon the part of Ludden has been pointed out by the state which was unlawful and which might be said to have proximately resulted in the shooting. It is true that the state was not relying upon the evidence showing the homicide proximately resulted from an unlawful act because the state was all the while contending that the shooting was purposely and maliciously done and was therefore murder in the second degree. The verdict may be accounted for either on the very likely ground that the jury was merciful toward the accused in returning a verdict of guilty

for a lesser offense, a fact of which he can not now complain, or it may be that the jury believed part of Ludden's testimony and part of Skiver's testimony. One might by thus speculating upon the jury's conclusions determine that the verdict is logical enough, and that Ludden did not purpose to kill Lent but that the killing followed as a result of his drawing his pistol as tho to use upon his victim. It is sufficient to say that as a verdict for murder in the second degree could not be disturbed in this case a verdict for manslaughter will not be disturbed for any supposed lack of logic in arriving at such verdict.

The judgment is affirmed.

Mauck, Richards and Lloyd, JJ, concur.