## ZARBO v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14168. Decided Dec 3, 1934

James C. Connell, Cleveland, for plaintiff in error.

Frank T. Cullitan, County Prosecutor, Cleveland, and James Hart, Asst. County Prosecutor, Cleveland, for defendant in error.

SHERICK, PJ, LEMERT and MONTGOMERY, JJ, (5th Dist) sitting.

## OPINION

By MONTGOMERY, J.

Plaintiff in error was indicted and convicted in the Court of Common Pleas of Cuyahoga County for the crime of murder in the second degree; the indictment charging that he did, on the 19th day of February, 1934, unlawfully, purposely and maliciously kill one Edward Goralczyk.

From the judgment of conviction error is now prosecuted to this court.

Counsel for plaintiff in error in argument and in brief state that they rely upon three propositions:

"1. The defendant killed in self-defense.

2. If conviction should be justified in the theory that the defendant was not entitled to kill in self-defense, then the verdict should not have exceeded that of manslaughter.

3. The court did not properly charge on the subject of manslaughter, having failed to instruct the jury that a killing in the heat of passion even though intentional, was nevertheless manslaughter only."

There are other assignments of error set forth in the petition in error which have been considered, but in which we find no merit, and attention will be directed briefly to the assignments insisted upon and heretofore stated, and all three of these propositions may be considered together.

The record shows that on the date specified in the indictment, Zarbo and his brother were engaged in what is known as operating a bootlegging business and were engaged in the unlawful sale of intoxicating liquor. That during the day prior to the killing, the defendant, Edward Goralczyk, and one Czworkowski, had come to the place of business of Zarbo, had gotten some liquor free of charge; that later in the same day they returned again with five or six other men, all of whom had insisted upon obtaining liquor without charge, which request was refused by Zarbo, as a result of which there was some altercation and some alleged threats.

The evidence of the actual killing is that of Zarbo alone, because the decedent and Czworkowski returned to Zarbo's place of business at the rear entrance thereof at about twelve o'clock midnight and both Goralczyk and Czworkowski were killed by gunshot wounds, their bodies showing bullets fired into each of them in front and from the rear.

The testimony of Zarbo as to what happened is quoted from the record. On direct examination he stated that he was in the living room with his brother, heard some kicking and pounding at the door, went to it, turned on a light, and through a small glass in the door he saw the two fellows, one tall and one short, and then he testified as follows:

"A. There I saw a fellow with a gun in his hand. I was afraid to open the door. They told me to open the door, so I didn't want to open it up, and they were kicking and pounding on the door, so I went into the pantry where I put the gun.

Q. What did you do?

A. I opened the door and fired at the tall fellow.

Q. Yes.

A. And the short fellow jumped on me and I fired at him too."

On cross-examination, Zarbo testified as follows:

"A. And they were kicking and pounding at the door. They were not rapping.

Q. You went to the door and you looked out through the peep hole?

A. Yes, sir.

Q. You saw these two young men standing there, isn't that true?

A. With a gun. One fellow had a gun in his hand.

Q. Which one had a gun?

A. The tall fellow.

Q. Which hand did he have it in?

A. His right hand.

Q. That door opens out, doesn't it?

A. Yes, sir.

Q. You were on the inside of it, in this fashion (Indicating)?

A. Yes, sir.

Q. And they were out here (indicating)?

A. On the outside.

Q. The door was locked on the inside wasn't it?

A. Yes, sir.

Q. You went over and got that gun, didn't you?

A. Yes, sir.

Q. And you opened the door, didn't you?

A. I opened the door, yes, sir.

Q. And the minute you opened the door with your left hand, you let them have it, you fired the gun?

A. Yes, sir."

The record shows clearly that the man described as "the tall fellow" was the decedent, Goralczyk.

In view of the testimony of Zarbo hereinbefore noted, he cannot well contend that there was any killing in self defense or that he shot the decedent after being attacked. His statement is that he opened the door and fired at the decedent, and then the other fellow jumped on him and he then fired at him too.

From this undisputed evidence, we cannot see how the defense of self-defense was available, nor can we see how it would have been possible to convict Zarbo on a charge of manslaughter, because voluntary manslaughter implies a killing in a sudden passion or quarrel and no such situation can be inferred from this testimony.

The court did, in his charge to the jury, dwell at length upon the defense of self-defense, and properly defined it and gave the accused the benefit of this charge. It is true that the court did not charge the jury upon the question of voluntary manslaughter but under the evidence we fail to see why he should have done so.

We understand the rule to be that a statute allowing a jury to find a lower degree of crime than that charged does not give the jury the right to do so, regardless of the law and the evidence, and if there is no evidence to sustain a conviction of a lower degree of crime, no charge or form of verdict covering such lower degree of crime should be given to the jury.

It is objected by counsel for plaintiff in error that the court did charge the jury upon involuntary manslaughter, which is the unintentional killing of a human being while the killer is engaged in another unlawful act. The charge upon this proposition was unnecessary and superfluous and there was no place for it under the evi-

dence. However, we cannot see that Zarbo was prejudiced by it.

The court injected another issue into the case for the consideration of the jury which might have diverted their consideration from the narrowed issue, but the accused gained thereby and not the State, and the accused cannot now complain.

Finding no prejudicial error in this record it follows that the judgment of the Common Pleas Court will be and the same is hereby affirmed. Exceptions may be noted.

SHERICK, PJ, and LEMERT, J, concur in judgment.