HIRSCHFELT, APPELLANT, *v.* THE KENTUCKY CENTRAL
LIFE & ACCIDENT INS. CO., APPELLEE, ET AL.

(No. 4183—Decided June 20, 1951.)

*Mr. Alvin C. Vinopal,* for appellant.
*Mr. Carl D. Sheppard,* for appellee.

Doyle, J. The litigation here on appeal was commenced in the Court of Common Pleas of Summit County by Ophelia Hirschfelt, as beneficiary under a life and accident insurance policy. Her claim was for $1,000, the maximum amount of indemnity under the contract, and was predicated upon her contention that the death of the insured, Thomas Lee Dunn, resulted "directly and independently of all other causes through external, violent and accidental means" within "ninety days from the date of the accident." The quoted phrases above are among the conditions of the policy.

Included in the several defenses pleaded by the company was the following policy exception: "No indemnity * * * will be paid for accidental death * * * resulting from any of the following causes: * * * (c) fatal or nonfatal injuries intentionally self-inflicted or intentionally inflicted upon the insured by any person, sane or insane."

The case was tried to the court, a jury having been waived, and, at the conclusion thereof, judgment was entered for the company.

There is evidence in the record to justify the conclusion that on the evening of February 26, 1948, Dunn, the insured, while a guest in a local cafe, approached two other guests, a Mr. and Mrs. Messner, and said something to them which apparently offended Mr. Messner, the husband. Later that evening, Dunn encountered Messner and a companion, one William Loan, on the sidewalk near the cafe, and Messner at-

tempted to engage him in a fist fight. Dunn, while withdrawing from the aggression of Messner, was viciously struck in the face by Loan, and fell to the pavement; whereupon Messner kicked the prostrate Dunn several times in the face. As a result of the assaults, Dunn died within a period of several minutes.

The appellant presents, among others, the following question: "Under a life and accident policy which contains a provision specifically disallowing recovery for accidental death resulting from fatal or nonfatal injuries intentionally inflicted upon the insured by another person or persons, sane or insane, should the beneficiary be denied recovery where there is no direct or positive evidence of an intent to inflict fatal injury?"

The courts of this state are committed to the general rules that the intention of the parties, as expressed in the insurance contract, must control its construction, and that "policies of insurance, which are in language selected by the insurer and which are reasonably open to different interpretation, will be construed most favorably to the insured." *Home Indemnity Co., New York,* v. *Village of Plymouth,* 146 Ohio St., 96, 64 N. E. (2d), 248. The rule is equally well settled that contracts of insurance are to be construed according to the sense and meaning of the terms which the parties have used, and, if they are clear and unambiguous, their terms are to be taken and understood in their plain, ordinary and popular sense.

The evidence before us amply sustains the claim that the death of the insured resulted "directly and independently of all other causes through external, violent and accidental means." *Central National Bank* v. *General American Life Ins. Co.,* 105 F. (2d), 878. And this is so even though the law of this state distinguishes between "accidental means" and "ac-

cidental result'' and holds the terms to be not synonymous when used in insurance contracts. *New Amsterdam Casualty Co.* v. *Johnson, Admx.,* 91 Ohio St., 155, .110 N. E., 475, L. R. A., 1916B, 1018; *Mitchell* v. *New York Life Ins. Co.,* 136 Ohio St., 551, 27 N. E. (2d), 243. (See citation of cases opposing this view in 166 A. L. R., 473.)

In this case, however, the contract in unambiguous terms excepted the risk for such death if the fatal injuries were intentionally inflicted upon the insured by any person. And when an insurer disclaims liability in its answer, because of such contractual exception, it presents an affirmative defense, and the burden of proof in establishing such fact is upon the company.

As we view the record, we find evidence amply sufficient to sustain the affirmative defense discussed above. The policy does not require evidence of an intent to inflict a fatal injury. The policy excepts liability if a third person intentionally injures the insured and from such injuries the insured died.

It is further claimed that the policy is ''ambiguous, equivocal and uncertain.'' We do not find it so. It is a standard form policy which insures against definite perils and hazards, with excepted risks set out in unambiguous terms.

''Exceptions'' to the liability of the company for accidental death, in addition to the one noted above, appear in the policy, and have been set forth in the answer. The appellant claims the evidence is insufficient to sustain any of them.

The judgment from which this appeal is taken does not indicate the court's finding on any of the specific defenses. Neither do we have a ''finding of fact and conclusions of law,'' authorized under the Code. We therefore indulge the presumption that the court

148

found on the exception in the policy which was established by the facts as shown above.

Examination has been made of all claimed errors, and we find none prejudicial to the rights of the appellant.

The judgment is affirmed.

*Judgment affirmed.*

HUNSICKER, P. J., and STEVENS, J., concur.