City of Toledo, Appellee, *v.* Reasonover, Appellant.

(No. 5555—Decided March 26, 1962.)

*Mr. Louis R. Young,* director of law, and *Mr. Gordon A. Holder,* for appellee.

*Mr. John C. Huffer,* for appellant.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Municipal Court of Toledo finding appellant guilty of the offense of operating a vehicle while under the influence of intoxicating liquor. The notice of appeal filed February 9, 1962, recites that it is taken from the judgment and sentence entered on January 22, 1962.

Section 1901.30, Revised Code, provides, *inter alia,* that appeals from the Municipal Court may be taken either to the Court of Common Pleas or to the Court of Appeals in accordance with Sections 2505.01 to 2505.39, Revised Code (Appellate Procedure Act), and Sections 2953.02 to 2953.14, Revised Code (procedure on appeals in criminal cases).

Prior to the amendment of Section 2953.05, Revised Code, effective January 1, 1960, such section provided that an appeal under Section 2953.04, Revised Code, might be filed as a matter of right within thirty days after sentence and judgment. But the section, as amended, now provides that appeals from judgments or final orders of magistrates' courts shall be taken within ten days of such judgment or final order.

Section 2931.01, Revised Code, provides that as used in Chapters 2931 to 2953 of the Revised Code, "magistrate" includes County Court judges, police judges or justices, mayors of municipal corporations, and judges of other courts inferior to the Court of Common Pleas. As we construe the provisions of this section and Section 2953.05, Revised Code, Municipal Courts are inferior to the Court of Common Pleas and, as such, are magistrate courts.

Since the appeal in the instant case was not taken within ten days from the judgment of the Municipal Court, the appeal is dismissed, *sua sponte,* without prejudice to the defendant applying for leave to appeal.

Appeal dismissed and cause remanded to the Municipal Court for execution of sentence.

*Appeal dismissed.*

SMITH, DEEDS and FESS, JJ., concur.

On Motion for leave to appeal.

(No. 5573—Decided April 9, 1962.)

*Per Curiam.* Having had his appeal dismissed, *sua sponte,* by this court on the ground that it was not taken within the time provided by Section 2953.05, Revised Code, defendant has made application for leave to appeal from the judgment of the Toledo Municipal Court pursuant to the provisions of said section. It is wholly within the discretion of the state to allow or not to allow an appeal from a judgment of conviction and such an appeal may be granted on such terms and conditions as to the Legislature seems proper. *Luff* v. *State,* 117 Ohio St., 102; *State* v. *Edwards,* 157 Ohio St., 175.

In passing on a motion for leave to appeal, a Court of Appeals is required to exercise its sound discretion in the interests of the administration of justice. *State* v. *Bednarik,* 101 Ohio App., 339. For a number of years it has been the consistent policy of this court to refuse to grant leave to appeal unless as a result of untoward circumstances a party has been precluded from filing an appeal as a matter of right within the time prescribed by law and upon a prima facie showing that prejudicial error has been committed in the trial of the action below. In the instant case it appears that counsel for the defendant, as well as other attorneys in the community, was unaware of the amendment to Section 2953.05, effective January 1, 1960, reducing the time for taking an appeal from a sentence and judgment in the Municipal Court from thirty to ten days. The application discloses also that upon the appeal, appellant will assign as error a matter not heretofore determined by an appellate court in Ohio. Under such circumstances, the application for leave to appeal is granted.

*Application granted.*

Smith, Deeds and Fess, JJ., concur.