STATE, PLAINTIFF-APPELLEE, *v.* STEEL, DEFENDANT-APPELLANT.

Ohio Appeals, Fourth District, Ross County.

No. 493. Decided February 3, 1964.

Mr. *J. Donald Ratcliff*, for plaintiff-appellee.
Mr. *W. T. Reed*, for defendant-appellant.

COLLIER, P. J. Edward N. Steel, the defendant-appellant, herein designated the defendant, was indicted by the Grand Jury of Ross County for unlawfully and maliciously stabbing John H. Graves in violation of Section 2901.23, Revised Code. After entering a plea of not guilty, on April 26, 1963, the defendant was found guilty of the lesser offense of assault and battery. No motion for a new trial was filed and on May 11, 1963, sentence was imposed on the defendant to pay a fine of $150.00 and costs, which, on the same date he paid. On May 29, 1963, a praecipe for a transcript of docket and journal en-

tries, notice of appeal and request for a bill of exceptions were filed. The bill of exceptions was not filed until July 3, 1963, for the reason the court reporter did not complete the bill until that date. On July 10, 1963, another notice of appeal and a motion for leave to appeal were filed in this court. On July 30, 1963, the State filed a motion to dismiss the appeal for failure to comply with the statutes providing for an appeal.

The first question raised is whether the defendant waived his right to appeal by immediately paying the fine and costs imposed on May 11, 1963. The general rule supported by the weight of authority is that a voluntary payment of a fine is a waiver of the right to secure a review of a conviction. *Village of Addyson* v. *Liddle*, 54 Ohio App., 323, 6 N. E. (2d), 877, 18 A. L. R., 867 and 74 A. L. R., 638. In the case of *Village of Avon* v. *Popa*, 90 Ohio App., 147, 121 N. E. (2d), 254, this rule was recognized and approved but the court held that where there is some evidence from which an inference may be drawn that a fine was paid with the intent not to waive the right of appeal, an appeal otherwise properly effected should not be dismissed on the ground that the fine was paid; that where a fine is paid during appeal an inference may be drawn that the defendant paid the fine to preserve his liberty and not because he admits the justice of the conviction or acquiesces in it, or abandons his right to review.

Whether or not the attempt to appeal in the instant case was an after-thought, which may be inferred by failure to file a motion for a new trial, we do not know. In view of the fact that the notice of appeal was filed within the prescribed 30-day period, the defendant is entitled to the benefit of the doubt and we must conclude that the defendant paid the fine to preserve his liberty with no intent to acquiesce in the conviction or abandon his right to appeal.

The next question presented is whether the defendant should be granted leave to appeal, since he did not perfect his appeal as a matter of right by filing a bill of exceptions within the 30-day period after sentence and judgment as prescribed by Section 2953.05, Revised Code. In passing on a motion for leave to appeal, a Court of Appeals is required to exercise its sound discretion in the interest of Justice. *City of Toledo* v. *Reason-*

*over*, 115 Ohio App., 434 and *State* v. *McGahan*, 86 Ohio App., 283, 88 N. E. (2d), 613. It has always been the policy of the Courts of Appeals of Ohio to grant leave to appeal only where a refusal of such leave might result in a miscarriage of justice. Under Section 2953.05, Revised Code, leave to appeal will not be granted without a showing that because of unavoidable circumstances a party has been precluded from filing an appeal within the time prescribed by law and upon a prima facie showing that prejudicial error has been committed in the trial court.

The motion to dismiss the appeal, the motion for leave to appeal and the case on its merits were submitted to this Court at the same time. The only error claimed by the defendant is that the defendant should have been found guilty of the offense of stabbing with intent to wound or acquitted; that the evidence does not support the lesser offense of assault and battery and such lesser offense should not have been included in the Court's general instructions to the jury.

The altercation between the defendant and prosecuting witness, John H. Graves, arose when Graves attempted to pass over what he claimed was a roadway through defendant's land. The defendant claimed no road existed and denied Graves the right to use the land as a means of ingress and egrees to his adjoining property. When Graves climbed over a fence on to what the defendant called his land, the defendant stabbed Graves twice with a pitchfork, once in the hand and once in the shoulder, inflicting minor wounds.

The defendant interposed the defense of self defense. Obviously, the jury found against the defendant on this plea, found the defendant not guilty of the offense charged, but did find him guilty of the included offense of assault and battery, as provided in Section 2945.74, Revised Code.

The law on this question has been held in this district to be: "Verdict will not be disturbed because it is not logical. Fact that accused was convicted of manslaughter when he might have been convicted of murder in the second degree, not sufficient ground for reversal." *Ludden* v. *State*, 7 Ohio Law Abs., 426. (An Athens County case.)

Defendant admits he stabbed Graves with the pitchfork,

but claims he acted in self defense. Finding the defense of self defense not sustained by the evidence, the only other question for the jury to decide was the degree of the crime. The court's instructions were full and complete and the factual situation, in our opinion, required the court to instruct the jury on the lesser included offense. In *State* v. *Patterson*, 172 Ohio St., 319, 175 N. E. (2d), 741, it was held: ''(1) The factual situation in each criminal case determines the necessity of instructing the jury on lesser included offenses rather than the fact that certain offenses are literally included in the crime formally charged in the indictment.'' The court properly submitted to the jury the question whether the stabbing was committed with intent to wound or whether wrongful physical violence was inflicted on Graves by the defendant.

We find no error prejudicial to the rights of the defendant. Whether we rule on the motion for leave to appeal or consider the cause on its merits the result is the same, the judgment must be affirmed.

Judgment affirmed.

BROWN, J., concurs.
CARLISLE, J., dissents.

CARLISLE, J., dissenting. I am unable to agree with the majority opinion of this court on the disposition of the above entitled case, for the reason that I consider it a gross miscarriage of justice. Of course, there are many matters regarding the charge of the court which I realize we cannot go into, as counsel for the Defendant-Appellant frankly admits in his brief. However, there are many other issues involved in this case about which there might be and is a great difference of opinion. One thing is agreed upon that the crime of assault and battery is a lesser crime included in the crime of stabbing with intent to wound. The real question, however, is succinctly stated in paragraph 2 of the reply brief for the Defendant, Steel, who will hereafter be referred to as Steel, and the State of Ohio will be hereinafter referred to as the State, although in the formal title the State is the Plaintiff-Appellee. The question is as follows: ''Could the defendant be guilty of

assault and battery under the indictment and the evidence?"
It is axiomatic and needs no citation of authority that a jury
may find the defendant guilty of a lesser included offense,
but only where the evidence warrants the same. *Bandy* v. *State*,
102 Ohio St., 384, to which reference is hereby made to support
the preceding sentence. In the *Bandy case*, the defendant was
convicted of the charge set out in the indictment, but in this
case the Defendant, Steel, of a lesser included offense. In the
*Bandy case*, in my opinion, the court properly refused to charge
on lesser included offenses, because under the evidence the
defendant was either guilty of the offenses charged, or was not
guilty of the same. In the case at bar, the court charged im-
properly in my opinion on the lesser included offenses con-
trary to the rule pronounced in the *Bandy case*, although as
heretofore stated, I do not believe this question could be prop-
erly raised at this point in this case. I am certain that the
legislature had no intention of conveying jurisdiction upon
juries in criminal cases with arbitrary power to disregard the
evidence, and the principles of law applicable to any case upon
trial. The law clearly is and has been for many years to the
effect that a jury may find a criminal defendant not guilty of
a particular crime charged in an indictment, and if the evi-
dence is sufficient to do so, to find the defendant guilty of a
lesser included offense.

After a careful and complete study of the Bill of Excep-
tions, and particularly the transcript of all the testimony, I am
unable to say, and further would find that there is no ground,
or no substantial evidence, or evidence of any degree which
would justify the conviction rendered by the jury in this case.
The jury did find the Defendant, Steel, not guilty of stabbing
with intent to wound, and it is my opinion that he was either
guilty of this offense, or no offense at all, and I firmly believe
under the evidence produced by the State, and especially under
the testimony of the prosecuting witness himself, it was the
duty of the trial court to dismiss the indictment and discharge
the defendant at the end of the State's case. However, since
the trial court did not do this and let the case go to a jury, he
thereby entrusted them with the power to compromise or com-
mute the punishment for any offense actually committed, if one

was committed, and thus impose a punishment quite different than that prescribed by law. *This power the jury does not have.*

It is the view of the majority opinion, as I interpret it, that everything the court and jury did was proper in this case, and, of course, I recognize that this court as a reviewing court, has no jurisdiction to reverse the case upon the weight of the evidence, except by concurrence of all three judges. However, this rule would not apply where the verdict of the jury is illegal and contrary to law. *Zarbo* v. *State*, 18 Ohio Law Abs., 145. I agree completely and entirely with counsel for the Defendant, Steel, when he concludes at the end of his reply brief as follows:

No. 1. Under the evidence Steel was guilty of stabbing with intent to wound, or nothing.

No. 2. The court should never have charged on lesser included offenses because the evidence did not warrant such a charge, although as previously stated in this opinion after serious question as to whether or not this matter may be raised in this proceeding.

No. 3. If Steele's offenses were good against stabbing, which the jury found they were, then they were also good against assault and battery, even under improper charges by the court.

No. 4. The verdict is against the evidence and contrary to law. I have no desire to engage in personalities at any time in any matter before this court, of which I am a member, and I realize this court ordinarily has no right to criticize juries, and I do not like to engage in criticism of trial judges, but I strongly feel in the instant case that the defendant, Steel, was improperly and illegally treated in the court below. I know that the majority members of this court would say in reply to this that they were matters for the determination of the jury, but my reply to that is that juries have no right to render verdicts contrary to the evidence and contrary to law.

In concluding, I would only say that to me the evidence is crystal clear, both on the part of the State and the evidence presented by the Defendant, Steel, to the effect that the Defendant, Steel, never took one step at any time toward the complaining witness. All he did at any time during the alterca-

tion was to defend his person, and as I say frankly, in my opinion, the evidence did not show any justification for any defense of property. The evidence, as shown by the transcript, reveals that the complaining witness, Graves, was the aggressor at all times; that he weighed about 170 lbs., and was much taller than the Defendant, Steel, and much more heavily built. That even though the altercation occurred on a warm day Graves had on heavy gloves; what does all the above mean? In view of the fact that he was attempting to assault the Defendant, Steel, upon Steel's land and backed him some 60 feet, according to Steele's testimony, which is only disputed by Graves, and probably would have pursued him further had he not, as Graves admitted, fallen down and temporarily at least lost his control of the situation and retreated. Did the Defendant, Steel, pursue him then? The answer is *NO*, and it is upon the basis of what the writer of this opinion has said preceding that he would set aside a verdict and discharge the defendant, or at least remand the case back to the trial court for further proceedings according to law. I would like to close by referring again to the evidence before the Court, and the jury to the effect that the Defendant, Steel, was painted as a quiet, inoffensive gentleman, who has never been in any difficulties with the law, of slight build, and weighed approximately 138-140 lbs. The use of the pitchfork, which is concededly a dangerous weapon, if properly used, seems to have been siezed upon by the State, the trial court and by the majority member of this court as the peg upon which to convict the Defendant, Steel. I respectfully submit that all the evidence the Defendant, Steel, shows that he used such a deadly weapon with admirable discretion and the evidence shows this very clearly by disclosing that the complaining witness' wounds were of a very slight nature, such as might be acquired by any farmer to any part of his body in merely stretching or using barbed wire.