THE STATE OF OHIO, APPELLEE, *v.* FORSYTHE, APPELLANT.

[Cite as State v. Forsythe, 10 Ohio St. 2d 224.]

(No. 40252—Decided May 24, 1967.)

*Mr. Robert L. Balyeat,* prosecuting attorney, and *Mr. John M. Leahy,* for appellee.
*Mr. Ralph K. Forsythe, in propria persona.*

*Per Curiam.* The issue presented is whether the Court of Appeals abused its discretion in overruling appellant's motion for leave to appeal. The burden is upon an appellant to establish sound grounds for the granting of such a motion.

Where the record and evidence before a Court of Appeals on a motion for leave to appeal establish that an appellant filed a timely notice of appeal and diligently sought to pursue such appeal, but because of circumstances beyond his control he was unable to comply with a procedural requirement and as a result thereof his appeal was dismissed, a Court of Appeals would abuse its discretion in denying a motion for leave to appeal.

In the instant case, there was nothing in the record before the Court of Appeals other than the statements of appellant in his briefs that his failure to file a bill of exceptions was due to a lack of funds. No evidence, either by testimony, affidavit, or otherwise, was presented to the Court of Appeals to support appellant's factual contention and carry his burden of proof. Consequently, we cannot hold that the Court of Appeals abused its discretion.

Further, although Section 2953.03, Revised Code, was not amended to permit indigents to obtain a free bill of exceptions until November 6, 1959, *Griffin* v. *Illinois* (1956), 351 U. S. 12, 100 L. Ed. 891, 76 S. Ct. 585, was decided before the appellant in the instant case filed on January 10, 1958, his notice of appeal as of right; and, in fact, this court's decision in *State* v.

*Frato,* 168 Ohio St. 281, 154 N. E. 2d 432 (November 19, 1958), although announced after the hearing on the motion to dismiss, was announced before the Court of Appeals' dismissal on December 16, 1958, of appellant's appeal. Appellant, although then represented by counsel, at no time requested the trial court or the Court of Appeals for a free bill of exceptions. Consequently, for this further reason, we cannot hold that the Court of Appeals abused its discretion in overruling appellant's motion for leave to appeal. See *State* v. *Perry* (1967), 10 Ohio St. 2d 175, paragraph seven of the syllabus.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C: J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.