THE STATE OF OHIO, APPELLEE, *v.* BRAZELL, APPELLANT.

(No. 311—Decided July 17, 1968.)

*Mr. Elmer Spencer,* for appellee.
*Mr. Roy E. Gabbert,* for appellant.

GRAY, J. This cause is in this court on "notice of appeal and motion for leave to appeal" from a judgment of the Court of Common Pleas of Adams County.

In 1963, defendant along with two others was convicted of armed robbery for which he is now serving sentence. This matter was in this court previously, and we remanded it to the trial court with directions that it make findings of fact and that it state its conclusions of law. These findings and conclusions have now been made, and we now have them

before us. Defendant was returned to Adams County for the hearing at which he testified. We have the transcript of that testimony before us.

Defendant has heretofore filed habeas corpus actions in the Common Pleas Court of Franklin County, in the United States District Court at Toledo, and in the Supreme Court of Ohio—*Brazell* v. *Maxwell, Warden,* 176 Ohio St. 408. In none of these cases was defendant successful.

In *Brazell* v. *Maxwell, Warden,* 176 Ohio St. 408, an action in habeas corpus, the court remanded petitioner to custody.

We wish to point out one significant statement made by the Supreme Court in its opinion. On page 408 there appears the following language:

"There is no claim that the counsel appointed to represent petitioner did not competently represent him during the trial. * * * "

He was represented by a court-appointed attorney in the trial court and is now represented by a different court-appointed attorney on appeal.

In the exhibits which were introduced at the latest hearing before the Common Pleas Court there appears a letter written to defendant by his attorney in the trial court, in which there appear two significant statements. One: after conviction his attorney made further investigation at the behest of defendant and learned that if Highway Patrolman Grooms had been able to testify he would have testified that one of the three defendants in the original action admitted to him that the three defendants were the ones the officials were looking for in connection with the armed robbery under investigation. Two: defense counsel in the trial of the matter was successful in securing the dismissal of other indictments against this defendant.

Those actions show that defense counsel was assiduous in the prosecution of the defense and that he had facts and information which caused him, in his own mind, to determine that an appeal was not warranted. This attorney testified at the latest hearing that he knew of no prejudicial error occurring at the trial.

In *Smith* v. *State* (Fla. App.) 192 So. 2d 346, the court stated in paragraph seven of the headnotes:

"If, in judgment of attorney representing defendant at trial, there are no meritorious grounds to support an appeal, attorney should so advise his client and is not obligated to take an appeal."

The Florida court further stated that the Ethics of the Bar require that if the attorney for defendant determined that there were no meritorious grounds to support the appeal the attorney should abstain from taking an appeal or being a party to an appeal, directly or indirectly. With this pronouncement we agree.

To deny defense counsel the right and authority to make an independent evaluation of the merits of the case would result in making the attorney the lackey of the defendant. We are adamantly opposed to this result.

An attorney owes his first duty to the court. He assumed his obligations toward it before he ever had a client. His oath requires him to be absolutely honest even though his client's interest may seem to require a contrary course.

The third paragraph of the oath of office of Ohio Attorneys is as follows:

"I will not counsel or maintain any suit or proceeding which shall appear to me to be unjust, nor any defense except such as I believe to be honestly debatable under the law of the land."

Defendant relies on the pronouncements in *Douglas* v. *California*, 372 U. S. 353, 9 L. Ed. 2d 811, 83 S. Ct. 814. On page 357 in that opinion the U. S. Supreme Court says:

"* * * But where the merits of *the one and only appeal* an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor."

We believe that the present situation of which defendant complains does not fall within this rule. On page 357 in *Douglas* v. *California, supra,* the court said further:

"* * * The present case, where counsel was denied petitioners on appeal, shows that the discrimination is not between 'possibly good and obviously bad cases,' but between cases where the rich man can require the court to listen to argument of counsel before deciding on the merits, but a poor man cannot. * * *"

We find that the record shows that this matter was

not appealed by defense attorney within the period allowed by law because it was obviously a "bad case" for the defendant. Therefore, the basis for the holding in *Douglas* v. *California, supra,* does not apply in the present case.

We believe that the following quotation made by the Supreme Court in *Jackson* v. *Maxwell, Warden,* 174 Ohio St. 32, at page 34, is particularly relevant. It is as follows: "* * * The court in *Converse* v. *Hand, Warden,* 185 Kan. 112, expressed very well, as follows, the rights of an accused to assigned counsel:

" 'Petitioner's third ground is that he was prejudiced and deprived of a fair trial because his court appointed attorney was inexperienced. At the outset, it may be noted that such a complaint is not uncommon among persons who have been convicted of crime, for as was said by this court, "No thief e'er felt the halter draw, with good opinion of the law." (*Trugillo* v. *Edmondson,* 176 Kan. 195, 203, 270 P. [2d] 219.) There is no constitutional or statutory guaranty for the assistance of the most brilliant counsel (*United States* v. *Thompson,* 56 F. Supp. 683, 688; *Miller* v. *Hudspeth,* 164 Kan. 688, 707, 192 P. [2d] 147).' "

In his memorandum filed in this case defendant claims that he is ignorant of the law, that he is an unskilled layman without knowledge of the law, and that these are the reasons for his failure to perfect his appeal in time.

We are impressed with the ability of this defendant to thread his way through the maze of the law pertaining to habeas corpus, post conviction remedy relief and, finally, to know what the most recent U. S. Supreme Court cases are that have possible bearing on his case.

We are also impressed with the knowledge of this defendant as to the types of action open to him, the consequences which would flow from each, and the territorial jurisdiction of each of those courts.

He apparently also knows the difference in reference to his rights between postconviction remedy relief and delayed direct appeal.

An understatement of the facts would be that his actions belie his claimed ignorance of the law. We are of the opinion, and so state, that this defendant has had expert legal advice.

He is attempting to secure the best of two worlds, *i. e.,* disclaim any legal help, pose as an unlettered layman, and attempt to secure such benefits as would flow from such a situation, while at the same time benefit from expert legal advice.

Defendant urges that the pronouncement in *Griffin* v. *California,* 380 U. S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229, is applicable to his case.

We are of the opinion that the holding in *Griffin* v. *California, supra,* does not apply retrospectively. *Tehan, Sheriff,* v. *United States, ex rel. Shott,* 382 U. S. 406, 15 L. Ed. 2d 453, 86 S. Ct. 459. Defendant was tried in 1963. *Griffin* v. *California, supra,* was decided April 28, 1965. *Tehan* v. *United States, ex rel. Shott, supra,* was decided January 19, 1966.

Defendant claims that he is entitled to a transcript of the proceedings of his original trial at the taxpayers' expense. To enable him to receive such transcript, he either must be within rule at the time the request is made or have a motion for leave to appeal granted. *State, ex rel. Catlino,* v. *Clerk of Courts,* 9 Ohio St. 2d 101. Inasmuch as defendant does not now have an appeal pending, he, therefore, is not entitled to copies of the records furnished him at state expense.

Defendant is not entitled to have his motion for leave to appeal granted.

No evidence of probative value has been presented to this court to carry the burden of proof required of him in this instance. *State* v. *Forsythe,* 10 Ohio St. 2d 224.

In the exercise of our judicial discretion, we, hereby, deny defendant's motion for leave to appeal. He has not established sound grounds for the granting of his motion.

*Motion denied.*

CARLISLE, P. J., and ABELE, J., concur.