THE STATE OF OHIO, APPELLEE, *v.* VIRES, APPELLANT

(No. 3687—Decided November 27, 1970.)

*Mr. Lee Falke,* prosecuting attorney, for appellee.
*Mr. Paul D. Gilbert,* for appellant.

CRAWFORD, J. Defendant, appellant herein, imprisoned upon conviction of a felony, has filed a motion for leave to appeal after expiration of the thirty days provided for an appeal as of right (R. C. 2953.05). He filed an affidavit of indigency, and this court appointed counsel to represent him here.

Counsel's brief upon the motion recognizes the principles enunciated in the often cited case of *State* v. *Kramer* (1953), 70 Ohio Law Abs. 97.

In that case this court held, in the words of Judge Hornbeck:

"2. To support an order for leave to appeal in a criminal case under Sec. 13459-4 GC (Sec. 2953.05 R. C.), something more must appear than a desire to appeal and an opinion on the part of the one appealing that there was reversible error in the record.

"3. The Court of Appeals has the widest discretion as to the propriety of granting a leave to appeal under Sec. 13459-4 GC (Sec. 2953.05 R. C.).

"4. Upon an application for leave to appeal in a criminal case under Sec. 13459-4 GC (Sec. 2953.05 R. C.), the Court of Appeals exercises its discretion in the light of the facts appearing in such application.

"5. Under Sec. 13459-4 GC (Sec. 2953.05 R. C.), before a defendant can secure the right of leave to appeal from a judgment and sentence there must appear some substantial reason for failure to prosecute the appeal as a matter of right and either probable error of law in the trial of his case, or, facts, which, if true, overcome the presumption of the regularity and validity of the proceedings under which he was sentenced.

"6. A defendant in a criminal case is assured an ap-

peal as a matter of right if prosecuted within the time provided by the code and the further provision as to the granting of a leave to appeal is not in furtherance of any constitutional right of the defendant but is a privilege granted by legislative action. (Sec. 13459-4 GC) (Sec. 2953.05 R. C.)''

In *State* v. *McGahan,* 86 Ohio App. 283, this court, speaking through Judge Wiseman, said:

''1. Under the provisions of Section 13459-4, General Code [R. C. 2953.05], the court will not grant leave to appeal without a showing of good cause.

''2. In determining whether leave to appeal shall be granted or refused the court is required to exercise sound discretion.

''3. Leave to appeal should be granted only where a refusal of such leave might result in a miscarriage of justice.''

These same principles have been uniformly followed. *In re Martin* (1951), 61 Ohio Law Abs. 304; *State* v. *Lyle* (1955), 73 Ohio Law Abs. 417; *State* v. *Murphy* (1959), 108 Ohio App. 539; *Perry* v. *Maxwell* (1963), 175 Ohio St. 369; *State* v. *Edwards* (1952), 157 Ohio St. 175, 181; *State* v. *Bednarik* (1954), 101 Ohio App. 339; *Toledo* v. *Reasonover* (1962), 115 Ohio App. 434; and see 3 Ohio Jurisprudence 2d 166, Appellate Review, Section 282.

Defendant has not shown a substantial reason for his failure to appeal within time as a matter of right. He has proffered eleven assignments of errors. In assignment No. 6 he complains that he was denied the effective assistance of counsel, because, among other things, counsel failed to advise him of his statutory right of appeal. He does not state that this was the cause of his delay. It may be intended to carry such an implication, but there is no actual showing, or even assertion, of ''a substantial reason'' for the delay. The various assignments are either unsubstantial, or mere expressions of opinion, or argument.

The brief says that if these assignments are not sufficient, defendant should be afforded an opportunity to obtain or file, at the state's expense, a complete transcript and bill of exceptions.

The allowance of a bill of exceptions is within the province of the trial court, not of the reviewing court. In *State, ex rel. Partee,* v. *McMahon* (1963), 175 Ohio St. 243, 244, the Supreme Court said:

"The right of an indigent defendant to a transcript of evidence stems primarily from two sections of the Revised Code. [R. C. 2301.24 and 2953.03]"

In the frequently cited case of *State* v. *Frato* (1958), 168 Ohio St. 281, the request was apparently made in the trial court.

In *State, ex rel. Catlino,* v. *Clerk* (1967), 9 Ohio St. 2d 101, the Supreme Court said:

"To be entitled to a transcript of the proceedings of his original trial at the expense of the state, an accused must either be within rule at the time the request is made or have had a motion for leave to appeal granted."

Hence, the request is not in order at this time, even if it were properly addressed to this court.

**Every prisoner naturally longs for freedom. Our** concern is that in the resulting welter of applications, the occasional one with merit may be overlooked. Hence, we welcome the provision of R. C. 2941.50(C) authorizing us to appoint counsel to represent an indigent applicant, and to assist the court in recognizing a meritorious case.

It is the duty of counsel to make his own sound and independent appraisal of the case. In the event there appears reasonable cause to believe that prejudicial error has occurred, he should discover and present the truth to the court. But he is not required or expected to make an exhausting search of a voluminous record for improbable error at the whim of the client.

We heartily agree with Judge Gray, in the Court of Appeals of the Fourth Appellate District for Adams County, when he said:

"To deny defense counsel the right and authority to make an independent evaluation of the merits of the case would result in making the attorney the lackey of the defendant. We are adamantly opposed to this result.

"An attorney owes his first duty to the court. He assumed his obligations toward it before he ever had a client,

His oath requires him to be absolutely honest even though his client's interest may seem to require a contrary course." *State* v. *Brazell* (1968), 15 Ohio App. 2d 104, 106.

If counsel finds a proposed appeal to be without merit, it is his duty so to advise the court. However, he may, consistently with such a course, inform the court of the client's contentions and arguments. In so doing he fully discharges his duty both to the client and to the court.

He ought not, in our opinion, to withdraw from the case, as suggested in *State* v. *Toney* (1970), 23 Ohio App. 2d 203. The client is entitled to competent counsel, not necessarily to one who fully agrees with his every contention. Such a demand could well exhaust both the court and the bar.

The burden is upon the appellant to meet the requirements of Kramer and the numerous other cases cited, in order to overcome the presumption of regularity in the trial. *State* v. *Forsythe* (1967), 10 Ohio St. 2d 224. Whatever procedures may be appropriate for accomplishing this, in the application before us we have nothing more than the broad unverified assertions in the proffered assignments of error.

In *State* v. *Baker* (1960), 113 Ohio App. 59, cited by defendant (in which one judge vigorously dissented), there was an evidentiary hearing. Facts may sometimes be developed by other methods, such as a post-conviction hearing. We are not prescribing exclusive procedures, but merely illustrating the fallacy of the contention often made that a defendant needs and is entitled to a complete bill of exceptions in support of an application for leave to present a delayed appeal.

The requirements for obtaining leave to appeal have not been met in the application now before us.

The application will be denied.

*Judgment accordingly.*

Kerns. P. J., and Sherer, J., concur.