OPINION
This is a direct appeal from the judgment of the Putnam County Common Pleas Court sentencing Defendant-Appellant Jesse H. Perez to five years in prison.
On November 5th, 2000, a man placed a 911 call to report that his daughter had been molested by a family friend, later identified as Defendant-Appellant Jesse Perez (Perez). According to the victim's statement, read into the record by the trial court, she was at the home Perez shared with his wife, Lois, when Perez followed her into a bedroom, hit her, pushed her on to a bed and forced her to have sexual intercourse. On December 7, 2000, the Putnam County Grand Jury issued an indictment and Perez was arrested, whereby he admitted to having sex with the victim, but denied any use of force.
Perez obtained counsel, Steve Callejas, who immediately requested that Perez be referred to Court Diagnostic and Treatment on the question of his competency to stand trial. On January 23, 2001 the trial court found Perez competent to stand trial and on March 1, 2001, Perez entered a plea of Guilty to one count of unlawful sexual conduct with a minor, a violation of R.C. 2907.04(A), a felony of the third degree. In return, the State dropped the additional count of rape, a violation of 2907.02(A)(2).
On April 6, 2001, following the completion of a pre-sentence investigation report, the trial court sentenced Perez to the maximum term of five years in prison and adjudged him a sexual offender. The Judgment Entry of Sentence was entered on April 18, 2001. It is from this judgment that Perez appeals.
The Defendant-Appellant asserts the following assignments of error:
 The Defendant-Appellant was denied effective assistance of counsel as guaranteed under the Sixth Amendment to the United States Constitution
 The trial court committed an error of law by imposing the maximum sentence contrary to R.C. 2929.14(C).
In his first assignment of error Perez alleges that his trial counsel, Attorney Steve Callejas, failed to file certain motions amounting to ineffective assistance of counsel. A showing of ineffective assistance of counsel requires a defendant to show that his trial counsel was deficient and that such deficiency prejudiced the defense. Strickland v.Washington (1984), 466 U.S. 668. The failure to file a motion, in and of itself, is not per se ineffective assistance of counsel. See State v.Vires (1970), 25 Ohio App.2d 70; State v. Madigral (2000),87 Ohio St.3d 378, 389; Kimmelman v. Morrison (1986), 477 U.S. 365, 384. A defendant must prove that counsel was deficient for failing to make certain motions and that such motions had a reasonable probability of success. State v. Sheppard (2001), 91 Ohio St.3d 329, 330.
In support of this argument that trial counsel should have filed various motions, Perez cites discrepancies and weaknesses in the Putnam County Sheriff's Office Incident Report, the Putnam County Job Family Services Intake Referral Form, the victim's statement, caseworker notes and the search warrant affidavit. Save for a small portion of the victim's statement, read into the record by the trial court at sentencing, the aforementioned documents are not a part of the official record and therefore cannot be considered by this court.
A reviewing court cannot add matter to the record before it, which was not a part of trial court's proceedings. State v. Ishmail (1978),54 Ohio St.2d 402. Therefore, "[a]ny allegations of ineffectiveness based on facts not appearing in the record should be reviewed through the post-conviction remedies of R.C. 2953.21." State v. Coleman (1999),85 Ohio St.3d 129, 134 citing State v. Cooperrider (1983),4 Ohio St.3d 226, 228.
Perez further argues that trial counsel was ineffective because it failed to advocate for the minimum sentence. The record does not support such a contention. Rather, the transcript of the sentencing hearing reveals that attorney Callejas made a lengthy statement to the court advocating that his client receive "a lower term of incarceration." Callejas cited the defendant's impaired state of mind at the time of the crime, the defendant's remorse, and steps the defendant had taken to rehabilitate himself. Accordingly, Appellant-Defendant's first assignment of error is overruled.
In his second assignment of error, Perez alleges that the trial court committed an error of law when it imposed the maximum possible sentence contrary to R.C 2929.14(C). We disagree.
In relevant part, R.C. 2929.14(C) states:
 "* * * [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes * * *"
The trial court in this case did in fact make a finding that Perez had committed the worst form of the offense. The court based its decision on the age difference between Perez and his victim, the impact on the victim, and that violence was involved. Indeed, Perez acknowledges in his brief that the court complied with the statute. (See Appellant's Brief p. 12)
Contrary to his assignment of error, Perez argues that while the trial court complied with 2929.14(C), it failed to comply with R.C. 2929.14(B). The latter provides that when an offender has never served prison time, a trial court may impose the maximum sentence only upon a finding that the shortest term will demean the seriousness of the offense or will not adequately protect the public from future crime by the offender.
Perez sets forth two reasons that the trial court erred. First, the court below did not make a finding that Perez had never served prison time. Second, Perez argues that when the trial court declared that the minimum possible sentence would demean the seriousness of the offense, it did so after the sentence had been announced as an "afterthought."
Perez's first argument must fail. The language of R.C. 2929.14(B) does not support the contention that the trial court make a finding that the offender has not been to prison. A person either has or has not been to prison. A court does not have to make a declaration. Rather, the statute requires the court to follow the proper sentencing procedures accordingly.
Perez's second argument, alleging that the trial court was too late when it made its finding that the minimum sentence would lessen the seriousness of the offense, fails as well. The Ohio Supreme Court considered the interpretation of R.C. 2929.14(B) in State v. Edmonson
(1999), 86 Ohio St.3d 324 and held:
 "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." Id at 326.
The Supreme Court goes on to explain that the General Assembly's purpose behind this, and other similar sentencing statutes, was to ensure that the record reflected that a court's decision-making process included all of the statutorily required sentencing considerations. Id at 327. Therefore, we do not believe that the timing is critical, as long as the finding is found in the record. For instance, in the Edmonds case referred to above, the Supreme Court looked to see if the statute had been satisfied by examining the sentencing transcript and then the judgment entry. The Court voided the sentence because no finding was found on the record. Id at 327-328. By looking at the judgment entry for compliance, the court implied that R.C. 2929.14(B) will be satisfied as long as the required findings are made anywhere on the record. Accordingly the second assignment of error is overruled.
The judgment of the Putnam County Common Pleas Court is hereby affirmed.
WALTERS, P.J., and SHAW, J., concur.