This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Nedra Bozman, appeals from the convictions in the Elyria Municipal Court for menacing by stalking and telecommunications harassment. We affirm.
Dennis Ryan ("Ryan") filed a complaint against Defendant alleging the following: (1) menacing by stalking, in violation of R.C. 2903.211; and (2) telecommunications harassment, in violation of R.C. 2917.21(A)(5). A bench trial followed. The trial court found Defendant guilty of menacing by stalking and telecommunications harassment, and sentenced her accordingly. Defendant timely appeals raising three assignments of error for review, which we have rearranged for ease of review.
 ASSIGNMENT OF ERROR III "The trial court erred by failing to conduct a competency hearing sua sponte as required by R.C. 2945.37(B) when it should have been apparent to the court that [Defendant's] competency was at issue, in violation of the Fourteenth Amendment due process clause. * * *"
In her third assignment of error, Defendant avers that her competency was at issue; therefore, the trial court erred by failing to conduct a competency hearing sua sponte pursuant to R.C. 2945.37(B), which resulted in a violation of her due process rights. We disagree.
R.C. 2945.37(B) provides in relevant part:
 "In a criminal action in a * * * municipal court, the court * * * may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue[.] If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion."
The trial court should consider the following factors in determining whether good cause exists to hold a competency hearing sua sponte: (1) statements made by a defendant's counsel regarding competency; (2) evidence of irrational behavior or demeanor at trial by a defendant; and (3) prior medical opinions relating to a defendant's ability to stand trial. State v. Rubenstein (1987), 40 Ohio App.3d 57, 60-61. See, also,Drope v. Missouri (1975), 420 U.S. 162, 177, fn. 13, and 179-180,43 L.Ed.2d 103. The defendant bears the burden of demonstrating these factors, since the defendant is presumed to be competent to stand trial. R.C. 2945.37(G).
The trial court has discretion to determine whether to conduct a competency hearing after the trial has commenced. State v. Rahman
(1986), 23 Ohio St.3d 146, 156. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
In the present case, Defendant asserts that she has met the good cause standard; therefore, the trial court should have sua sponte conducted a competency hearing. Specifically, Defendant asserts that her incompetence was illustrated by her irrational behavior at trial and at the sentencing hearing. However, upon a review of the transcript, we do not find Defendant acted irrational at the trial or the sentencing hearing. Furthermore, there was no indication by defense counsel that Defendant was incompetent or unable to assist him with her defense. Additionally, no prior medical opinions were presented to demonstrate Defendant's inability to stand trial. Consequently, the trial court did not abuse its discretion by failing to conduct a competency hearing sua sponte pursuant to R.C. 2945.37(B). Accordingly, Defendant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR I "[Defendant's] trial counsel provided ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution when he did not effectively communicate with his client, did not make timely objections to preserve essential issues for appeal during the trial, and failed to raise the argument of mitigating circumstances during the trial. * * *"
In her first assignment of error, Defendant contends that her counsel's failure to object to various pieces of evidence, file a motion in limine, present defense witnesses or an alternative reason for Defendant's actions, and request a competency hearing denied her effective assistance of counsel, in violation of the United States Constitution and Ohio Constitution. Defendant's contention lacks merit.
The United States Supreme Court enunciated a two-part test to determine whether counsel's assistance was ineffective as to justify a reversal of sentence or conviction. Strickland v. Washington (1984), 466 U.S. 668,687, 80 L.Ed.2d 674. "First, the defendant must show that counsel's performance was deficient." Id. To show the deficiencies in counsel's performance, a defendant must prove "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by theSixth Amendment." Id. Second, a defendant must establish that counsel's deficient performance resulted in prejudice to the defendant which was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.
Upon reviewing counsel's performance, there is a strong presumption that counsel's actions were part of a valid trial strategy. Id. at 689. We note that there are numerous avenues in which counsel can provide effective assistance of counsel in any given case, and debatable trial strategies do not constitute ineffective assistance of counsel. State v.Gales (Nov. 22, 2000), 9th Dist. No. 00CA007541, at 17; State v. Clayton
(1980), 62 Ohio St.2d 45, 49.
 "(1) Failure to object
In the instant case, Defendant alleges that her trial counsel was ineffective because he failed to object to prior acts testimony and hearsay testimony. However, after a thorough review of the record, we find that the testimony neither concerned prior acts nor hearsay. Specifically, the testimony that Defendant asserts concerned prior acts referred to a letter that was sent by Defendant to Ryan, which related to the charges brought against her. Additionally, the testimony Defendant claims is hearsay is a statement made by Defendant, which does not constitute hearsay. See Evid.R. 801(D). Accordingly, as the testimony was not objectionable, trial counsel's failure to object did not constitute ineffective assistance of counsel.
 "(2) Failure to file motion in limine
Defendant alleges that she was denied effective assistance of counsel when her trial counsel failed to file a motion in limine to exclude unauthenticated evidence. A motion in limine functions as a precautionary instruction "to avoid error, prejudice, and possibly a mistrial by prohibiting opposing counsel from raising or making reference to an evidentiary issue until the trial court is better able to rule upon its admissibility * * * once the trial has commenced." State v. Grubb
(1986), 28 Ohio St.3d 199, 201. "Thus, a motion in limine, if granted, is a tentative interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue." Id. at 201-202. Furthermore, finality does not attach when the motion is granted, as the motion is subject to reappraisal during the course of the trial. Id. at 202. As such, it is counsel's duty to make his own evaluation of the case and decide which motions are worth filing. SeeState v. Vires (1970), 25 Ohio App.2d 70, 73-74.
We will not second-guess trial counsel's decision regarding the filing of a motion in limine as this motion falls within the purview of trial strategy. See id. Also, Defendant has not satisfied her burden of showing how counsel's failure to file a motion in limine prejudiced her case. As such, we cannot say that counsel's failure to file a motion in limine constituted ineffective assistance of counsel.
 (3) Failure to present defense witnesses or an alternative reason for Defendant's actions
Next, Defendant avers that her counsel should have called witnesses on her behalf and established a reason to justify her actions. "Decisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics" and absent a showing of prejudice, the failure to call witnesses will not be deemed erroneous. State v. Coulter (1992),75 Ohio App.3d 219, 230; State v. Hunt (1984), 20 Ohio App.3d 310, 311. Defendant has not proven how the result of the case would have been different. Specifically, she failed to provide the names of any witnesses or the substance of the testimony, which she believed would assist her case. Consequently, Defendant has failed to demonstrate how her counsel's failure to call witnesses resulted in prejudice.
Turning to Defendant's contention that her counsel should have established a reason to justify her continual contact with Ryan, we note that "[t]he fact that defense counsel may not have pursued every possible defense is not the test for a claim of ineffective assistance of counsel; rather, the issue is whether the defense chosen was objectively reasonable." State v. Baker (1996), 111 Ohio App.3d 313, 323, citingStrickland, 466 U.S. at 688. In this case, Defendant's counsel elected to attack the credibility of the witnesses and the evidence produced by the City rather than present evidence to justify Defendant's action. Therefore, even assuming that counsel chose a questionable strategy, "the fact that there was another and better strategy available does not amount to a breach of an essential duty to his client." State v. Clayton
(1980), 62 Ohio St.2d 45, 49. As such, we cannot say that defense counsel's failure to establish a reason to justify her continual contact with Ryan amounted to ineffective assistance of counsel.
 (4) Failure to request a competency hearing
In light of our determination that the record does not indicate that Defendant was incompetent to stand trial, we cannot say that trial counsel was ineffective for failing to request a competency hearing.
Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "The City failed to establish beyond a reasonable doubt the elements of R.C. [2903.211] thereby violating [Defendant's] Fourteenth Amendment due process rights. * * *"
In her second assignment of error, Defendant challenges the sufficiency of the evidence presented at trial. Specifically, Defendant asserts that the City did not establish beyond a reasonable doubt the elements of R.C. 2903.211. Defendant's assertion lacks merit.
In order for a defendant to preserve the right to appeal the sufficiency of the evidence upon which her conviction is based, she must timely file a Crim.R. 29 motion for acquittal with the trial court. Statev. Liggins (Aug. 18, 1999), 9th Dist. No. 19362, at 3. See, also, Statev. Roe (1989), 41 Ohio St.3d 18, 25. As such, a defendant's failure to make a Crim.R. 29 motion constitutes a waiver of any challenge to the sufficiency of the evidence on appeal. Liggins, supra.
After a thorough review of the record, we find that Defendant failed to make a Crim.R. 29 motion for acquittal at the trial court level. Consequently, Defendant waived any objection to the sufficiency of the evidence on appeal. Accordingly, Defendant's second assignment of error is overruled.
Defendant's assignments of error are overruled. The convictions in the Elyria Municipal Court are affirmed.
CARR, J., WHITMORE, J. CONCUR